## Case No. 17,196.

### WARREN et al. v. GARBER.

[1 Hughes, 365; [1] 15 N. B. R. 409.]

Circuit Court, E. D. Virginia. April, 1877.

BANKRUPTCY — SUIT BY ASSIGNEE TO RECOVER FRAUDULENT PAYMENT—PLEADING—EVIDENCE UNDER GENERAL COUNTS.

1. Under section 13 of the Revised Statutes of the United States, in a suit brought by an assignee in bankruptcy after the passage of the act of June 22d, 1874 [18 Stat. 178], amending the bankruptcy act [of 1867 (14 Stat. 517)], to recover back money paid before March 14th, 1874, in violation of section 5128 of the Revised Statutes, it is sufficient for the declaration to lay the payment as made within four months of the bankruptcy instead of two months; and to charge that the defendant had reasonable cause for believing that the payment was made in fraud of the provisions of the bankruptcy law, and it need not charge that the defendant knew that it was so made.

2. Under the general money counts in such a declaration, evidence will not be admitted to prove any liability, on implied promises, contract, or obligation, arising exclusively under section 5128 of the Revised Statutes.

3. When a petition in bankruptcy is filed at 9 a. m., on the 14th March, 1874, *held*, that a preferential payment made on the 14th November, 1873, must be construed as made more than four months before the bankruptcy.

The first count in the declaration was as follows: "And thereupon the said plaintiffs [E. J. Warren and others] say that heretofore, to wit, on the 23d day of September, 1873, the said Mutual Building Fund and Dollar Savings Bank suspended payment, and has not since said day resumed payment; that said Mutual Building Fund and Dollar Savings Bank was adjudicated a bankrupt by the district court of the United States for the Eastern district of Virginia, on the 26th day of March, 1874, upon the petition of A. Cap-

---

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

pell & Co., creditors of said Mutual Building Fund and Dollar Savings Bank, filed in said district court on the 14th day of March, 1874, and that by legal proceedings had thereon, the plaintiffs were by said court appointed and confirmed trustees in bankruptcy of the estate and effects of said Mutual Building Fund and Dollar Savings Bank, and the legal title to the estate and effects thereof was vested in them, that said Mutual Building Fund and Dollar Savings Bank being insolvent within four months before the filing of the petition aforesaid, with a view to give a preference to the said A. W. Garber, a creditor of the Mutual Building Fund and Dollar Savings Bank, paid to him, the said A. W. Garber, out of the funds of said Mutual Building Fund and Dollar Savings Bank, a large sum of money, to wit, $4412.90, the said A. W. Garber then having reasonable cause to believe the said Mutual Building Fund and Dollar Savings Bank to be insolvent, and that said payment was made in fraud of the provisions of the bankrupt act, thereby preventing said sum of money from coming into the hands of the plaintiffs to the damage of the plaintiffs." It will be seen that the declaration was based upon section 5128 of the Revised Statutes as it stood before the amendment of June 22d, 1874. That amendment changed the period within which a preferential payment, etc., contemplated by it should be made to two months instead of four; and made it necessary for the person receiving the benefit of the preference to know that it was in fraud of the provisions of the bankruptcy law, substituting the word "know" used in this connection for the words "having reasonable cause to believe." The second count of the declaration was similar to the first as to the use of four months in its recital, but charged that the defendant knew that the payment was in fraud of the provisions of the bankruptcy act. The third count was the same as the first, except that it mentioned in detail certain sums paid (parts of the gross sum of $4412.90) instead of mentioning the gross sum. The fourth count was like the second one, but differed from it in mentioning detailed payments instead of the gross sum of $4412.90. Then were added the usual general money counts, without any introductory recital of incidental facts bringing the assumpsit within the terms of section 5128.

There was a demurrer to the declaration, which was accompanied by the following memorandum of the grounds of law relied on: "1st. The first count of said declaration does not aver that the said sum of $4412.90, alleged therein to have been paid to said defendant, was paid to him within two months before the filing of said petition. nor does it aver that the defendant 'receiving such payment.' received it 'knowing such payment was made in fraud of the provision of the bankrupt law.' 2d. The second count of the declaration does not aver that the said sum of

$4412.90, alleged therein to have been paid to the defendant, was paid to him within two months before the filing of said petition. 3d. The third count does not aver that the said several sums of money, therein alleged to have been paid to the defendant, were paid to him within two months before the filing of said petition; nor does it aver that the defendant, 'receiving such payments' received them, 'knowing such payments were made in fraud of the provisions of the bankruptcy law.' 4th. The fourth count does not aver that the said several sums of money therein alleged to have been paid the defendant, were paid to him within four months before the filing of this petition [this objection was not true, as there was an averment of this fact]; nor does it aver that they were paid to him within two months before filing of said petition. 5th. The 5th, 6th, 7th, 8th, 9th, and 10th counts in said declaration are the common counts in indebitatus assumpsit—in neither of said counts is it averred that at the time the acts there mentioned were done, and the indebtedness therein claimed accrued, that the bank was insolvent, or was in contemplation of insolvency, or that it was within four or two months before the filing of said petition, or with a view to give a preferment to said defendant, nor is it averred that said defendant had reasonable cause to believe the bank insolvent, or knew that they were done in fraud of the provisions of the bankrupt law. The declaration avers that at the time these payments were made, or acts done, the said defendant was a creditor of the bank, and that they were made before the filing of the petition; if so, they are valid, and there can be no recovery back in assumpsit. It is only when the payments are made under the circumstances specified in section 5128 of the act, that the payments are void, and can be recovered back by the assignee; and to enable him to do so, he must aver all the acts and circumstances specified in that section, as it is a statutory action. They are conditions precedent to his recovery, and must be averred in the declaration and proved in the trial. For the act expressly declares that the assignee may recover the property, or the value of it, from the person receiving it."

James Neeson and Thomas G. Jackson, for plaintiffs.

John A. Meredith and John B. Young, for defendant.

HUGHES, District Judge. The demurrant's objections to the declaration are founded upon two propositions, viz.: First. That section 5128 of the Revised Statutes is a penal law, or at least a law imposing a forfeiture; and, second, that it must, as such, be treated as if it had read before the 22d of June, 1874, as it has read since it was amended on that day, as to violations of it committed before the date of the amendment, and sued upon afterwards. Neither of these propositions is true.

Section 5128 is not a penal law, nor does it impose a forfeiture. It creates a disability. It imposes a liability in case its disabling provisions are violated. It establishes upon that liability a right. And it gives a remedy for that right. The policy of the bankruptcy law being to distribute the assets of the bankrupt equally among his creditors, this section was inserted in aid of that purpose. As at common law an infant or a married woman could make no valid contract, so this section provides that insolvents shall not, within a defined period of their bankruptcy, be able to dispose of their property to persons who have reasonable cause to believe that they are insolvent, and are acting in contemplation of bankruptcy. If they do dispose of their property, under the circumstances defined by the section, the law declares that the transaction is void, and authorizes their assignees in bankruptcy to recover back the property so disposed of, or its value. If money be paid out by the insolvent under the circumstances detailed by the section, then the payment is void, the creditor who receives the money receives it under a void payment, which carries no title to him, just as the payment of money by a child to an adult person is a void payment, and an implied contract at once arises by which the person receiving the money becomes debtor to the person entitled to it, the law implying a promise on his part to return it. Section 5128, therefore, has two distinct characters: First, it declares void, among other things, a preferential payment of money, and raises an implied promise or contract as of the date of the transaction on the part of the receiver of the money, to repay it. Second, it authorizes the assignee of the bankrupt who paid the money, to sue for and recover it. Only in this last respect is section 5128 remedial. Only in this last respect can an amendment of the law affect the rights which arose or were vested before the passage of the amending law. On the other hand, that part of the section which defines the circumstances under which a payment shall be void, is declaratory and not remedial, creating a disability in the insolvent to pay within a certain period, creating a liability in the person receiving the money to repay it, making void the transaction, and doing all as of the date of the transaction itself. Any payment by this bankrupt which was made within four months before the date of its bankruptcy, the 14th of March, 1874, under circumstances described by the law as it was during that period, was void, and void by virtue of the law as then in force.

It is very true on the general principles governing the construction of laws which have been amended, that where a penalty, forfeiture, or disability, is imposed, and that disability is narrowed by the amending law, the amended is held to prevail over the original law. Sedg. St. & Const. Law, 129, 130, and Cooley, Const. Lim. 381, and the numerous cases there cited. It is also true, that where a general clause of the amended law repeals all provisions of the

original law inconsistent with those of the new law, as in this case, it is, in general, construed to have the effect to substitute the new law for the old, retroactively as to penalties, forfeitures, and disabilities. But while this is the case as to mere disabilities, it is not so as to such disabilities as are coupled with liabilities, out of which rights accrue to third persons, as in the case now before us. Here the disability to make a preferential payment within four months of the bankruptcy, imposed by the law upon the insolvent, was coupled with a corresponding liability of the receiver of the money to restore it, and an implied contract to restore it to a third person entitled, in equity, and upon principles of natural justice, to receive it. Judge Dillon, in Singer v. Sloan [Case No. 12,898], seems to have overlooked the distinction between a mere disability and a disability complicated with liabilities, and with resulting equitable and statutory rights. Notwithstanding the high authority of that eminent jurist, his decision in this case has been overruled in several cases subsequently decided, and I should not feel at liberty to follow it here even on general principles. See Singer v. Sloan [Cases Nos. 12,-898 and 12,899]; Tinker v. Van Dyke [Case No. 14,058]; Van Dyke v. Tinker [Id. 16,-849]; Barnewell v. Jones [Id. 1,027]; In re Lee [Id. 8,179]; Oxford Iron Co. v. Slafter [Id. 10,637]. For if any doubt were left on this head, it would be removed by section 13, Revised Statutes of the United States, which applies to all laws of congress, and which provides in express terms, that "the repeal of any statute shall not have the effect to release or extinguish any . . . . liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action . . . . for the enforcement of such liability." The Revised Statutes were enacted on the 22d of June, 1874, simultaneously with amended bankruptcy act. I hold, therefore, that those counts of the declaration are good which set forth the liability created by section 5128, as it was during the period four months before the 14th of March, 1874, which was the day of the filing of the petition in bankruptcy; they are sufficient in laying the payment sued upon within four months, and in averring that the defendant had reasonable cause to believe that the money was paid him in fraud of the provisions of the bankruptcy act. They need not lay the payment within two months, nor aver that the defendant knew that the payment was made in fraud of the provisions of the bankruptcy act. The demurrer, therefore, to the four special counts in the declaration is overruled. As to the general counts, it is proper to say in advance, that while the demurrer to them is overruled, the court will not permit any evidence to be given under them at the trial, of a liability, contract, promise, or obligation arising exclusively under section 5128.

### Proceedings at the Trial.

Thereupon the case went to trial, the plaintiffs having filed the following bill of particulars, setting forth the items claimed; the first two items being for money received by the defendant, on his checks drawn before the beginning of the period of four months preceding the bankruptcy; the remaining four items being for money received on checks drawn within that period:

**Bill of Particulars.**

1873
| | | | | | | |
|---|---|---|---|---|---|---|
| Oct. 30. | To cash on your check of this date | | | | ...... | $2616 72 |
| Nov. 14. | " | " | " | " | ...... | 517 01 |
| Nov. 15. | " | " | " | " | ...... | 133 10 |
| Dec. 2. | " | " | " | " | ...... | 1034 50 |
| Dec. 2. | " | " | " | " | ...... | 24 00 |
| Dec. 4. | " | " | " | " | ...... | 84 57 |

The petition in bankruptcy having been filed at 9 a. m. on the 14th March, 1874, plaintiffs raised a question whether the 14th November, 1873, was not part of the four months so as to include the check paid on that day. But THE COURT ruled that that day should be excluded; first, because section 5013 expressly so provided; and second, because, on general principles, the law will presume that the payment was made while the person was competent to make it in cases of doubt.

Plaintiffs also contended that the president and cashier were not authorized to pay the two first checks to one depositor while the bank was unable to pay all depositors; but failed to show that these officers were forbidden to make such payments.

On the questions thus arising, THE COURT gave the following instructions to the jury:

First Instruction. The court instructs the jury that in order for the plaintiffs to recover back any payments made to the defendant within four months before the 14th of March, 1874, the jury must believe from the evidence: 1st. That the Mutual Building Fund and Dollar Savings Bank was insolvent at the time of the payment. 2d. That the bank made the payment with a view to give a preference to the defendant. 3d. That the defendant had reasonable cause to believe that the bank was insolvent. 4th. And that the defendant also had reasonable cause to believe that the payment was made in fraud of the provisions of the bankrupt act. The jury must believe that all this was so, or else they should not find for the plaintiffs as to any such payment.

Second Instruction. The jury are further instructed that, in contemplation of the law of bankruptcy, insolvency consists in being unable to pay and not paying just and legal demands for money due and payable in the ordinary course of the debtor's business.

Third Instruction. They are also instructed that before or on the 14th day of November, 1873, the president and cashier of the bank had a right to make bona fide settlement of the indebtedness of the bank with its assets as they thought best for its interests subject to the control of the board of directors; and that upon and prior to the 14th day of March, 1873, the bank had a right to make any bona fide pay-

ment to any of its creditors, whether the same was a preference or not, and that the acts of the cashier of the bank in any such payment while he occupied and filled, in fact, that office, are to be taken as the acts of the bank, unless they were forbidden by the bank, and such prohibition was known to the party receiving payment.

Fourth Instruction. If defendant received money, or property converted into money or its equivalent, which he was not entitled to receive, either by fraud or from any one not authorized to give or deliver the same to him, which was the money or property of the said bank, though it was more than four months before the filing of the petition in bankruptcy, the plaintiffs may recover the same or the value thereof in this case and on the common counts.

The jury found a verdict for the plaintiffs in the sum of $1276.17, the amount of the payments made within four months.